## CONSTRUCTION OF THE SAFEGUARDING OF MACHINERY STATUTE.

Circuit Court of Cuyahoga County.

PIETRO SPANO V. THE BROOKSIDE BRICK COMPANY.*

Decided, November 27, 1911.

*Employers' Liability Act—Common Law and Statutory Cause of Action May be Joined—Section 1027, General Code.*

1. In Section 4364-89c, Revised Statutes, which provides for the enclosure, with substantial railing, of all openings through floors, through, or in which wheels or belts may operate, the words "other kind of machinery," means "other machinery of the wheel kind."

2. The common law and statutory cause of action for damages resulting from the negligence of an employer may both be set up and joined in the same petition.

*H. F. Payer, D. B. Nicola* and *Ulmer & Bernstein* for plaintiff in error.

*Russell & Eichelberger,* contra.

WINCH, J.; MARVIN, J., and HENRY, J., concur.

This was a personal injury damage case, with verdict directed for the defendant, at the close of plaintiff's evidence.

Counsel for plaintiff states the facts of his case as follows:

"The plaintiff was employed by the defendant in its brick plant located near Brookside Park in the city of Cleveland. The room to which the clay is brought for the purpose of being made into brick is about 20 feet long and 11 feet wide, in the floor of which are two openings about 9 feet apart. These openings are near a track running the length of the room and raised about two and one-half feet above the floor of the room, over which track the cars of clay are drawn by cable. In the operation of the said plant, when the cars reach one or the other opening in the floor the clay is dumped into said opening and on the surrounding floor space.

*Affirmed without opinion, *Brookside Brick Co.* v. *Spano,* 87 Ohio State, 515.

"These openings are about 1½ feet wide and 2 feet long in which, about 9 or 10 inches below the surface, are two wheels. One of these wheels is about 9 inches and the other is about 18 inches in diameter, the said wheels being close together underneath said opening. The nearest point of one wheel to the other directly under said opening is 18 inches below the level of the floor. The smaller wheel has teeth running its full length, which teeth or knives are 5 or 6 in number and are one inch in thickness and one inch in height. In the operation of said plant the wheels rotated rapidly in opposite directions and the teeth of one wheel would catch the clay as it was thrown down on top of them and cause the same to be crushed and pushed between the two wheels and down below where it was conveyed to other parts of the plant.

"In the operation of said plant, one workman would work at one opening and the other at a second opening, and it was at one of these openings that the plaintiff worked when he was injured. The evidence showed that in the operation of said plant and on the day that the plaintiff was injured, the room was full of clay and as the clay went down into the opening, it left a funnel-shaped opening above the floor; that the plaintiff, who had gone to work at this place two days before the injury happened, had been merely told to shove dirt in the opening; that he first cleaned some of the dirt around the edge of the opening and then was standing by the edge of said opening pulling the dirt into it, when he reached for a pick about a foot and a half from him. As he did so he slipped and his leg went into the opening, was drawn between said wheels and crushed, necessitating amputation about 5 inches from the hip. There was no railing or anything else over or around the opening wherein the plaintiff was injured."

Manifestly no case was made under the common law rule of assumed risk. Plaintiff claims, however, that he made a case under the statute, then Revised Statutes, Section 4364-89c. which abolishes the rule of assumed risk as to factories and workshops, and limits the recovery to $3,000.

The part of that statute which requires construction here reads as follows:

"Owners and operators of factories and work shops, which terms shall mean all manufacturing, mechanical, electrical and mercantile establishments, and all places where machinery of any kind is used and operated, shall take ordinary care and

make such suitable provisions as to prevent injury to persons who may come in contact with any such machinery or any part thereof; and such ordinary care and such suitable provisions shall include the enclosure of all exposed cog-wheels, fly-wheels, band-wheels, all main belts transmitting power from engine to dynamo, or other kind of machinery, and all openings through floors, through, or in which such wheels or belts may operate, with substantial railings.''

We do not think, as claimed by plaintiff, that the machinery in question can be called cog-wheels, but we are of opinion that it comes under the class of ''other kind of machinery,'' as used in the statute. That phrase, used after the words ''cog-wheels, fly-wheels, band-wheels,'' means ''other machinery of the wheel kind.'' This was machinery of the wheel kind; the statute provides for the enclosure of all openings through floors, through or in which such wheels may operate, with substantial railing; there was no such substantial railing around the opening in the floor in which the wheels were operating which injured plaintiff; it is apparent from the record that there could and should have been such railing in this case, and that if it had been there, Spano would not have been hurt.

The statute was violated and therefore Spano was entitled to recover under it, not exceeding $3,000. He prayed for a judgment in the sum of $10,000, which would indicate that he also hoped to recover under the common law.

If the petition is to be held as an attempt to join the common law and the statutory causes of action, we see no objection thereto. Labatt, in his work on Master and Servant, at Section 734, says that such joinder is customary in England, and has never been questioned in Massachusetts and Alabama, jurisdictions where they have had the statutory action longer than we have had it in Ohio.

For error in directing a verdict for the defendant, the judgment is reversed and the cause remanded for a new trial.